MORGAN, LEWIS & BOCKIUS LLP
ERIC MECKLEY, State Bar No. 168181
THERESA MAK, State Bar No. 211435
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001

Attorneys for Defendant
GENESCO, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MARTIN,<br><br>               Plaintiff,<br><br>    vs.<br><br>GENESCO INC., and DOES 1 through 20 inclusive,<br><br>               Defendant. | Case No. 1:07-CV-01005-LJO-SMS<br><br>**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**<br><br>Action filed:     May 18, 2006<br>Trial date:       None set |

       Plaintiff James Martin ("Plaintiff" or "Martin") and Defendant Genesco Inc. ("Genesco"), through their respective counsel, seek this Court's approval of this Stipulation of Confidentiality and [Proposed] Protective Order.

       WHEREAS, pretrial discovery in *James Martin v. Genesco Inc., and Does 1 through 20, inclusive*, United States District Court for the Eastern District of California, Case No. 1:07-CV-01005-LJO-SMS (the "Action"), may require disclosure of confidential information and documents, including personal information, medical information, proprietary material, or other confidential information as well as sensitive personnel information (the "Confidential Materials"); and

       WHEREAS, Plaintiff and Genesco (collectively the "Parties") desire to maintain the confidentiality of the Confidential Materials.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7640397.1        1        Case No. 1:07-CV-01005-LJ0-SMS
STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER

1    NOW, THEREFORE, IT IS HEREBY STIPULATED by and between the Parties to this Action,
2    through their respective counsel, as follows:
3        1.    Each Party to this Action who, in response to a discovery request, or by way of
4    voluntary disclosure or Initial Disclosures under Rule 26, produces or discloses (the "Disclosing
5    Party") any matter, including documents, things, testimony or information which such Party
6    reasonably and in good faith believes to comprise or contain Confidential Materials may
7    designate the same "CONFIDENTIAL."
8        2.    The Disclosing Party shall designate as "CONFIDENTIAL" only information that
9    the Disclosing Party in good faith believes is confidential, that normally would not be revealed to
10   third parties, and that is typically maintained in confidence.
11       3.    All information designated as "CONFIDENTIAL" by the Disclosing Party shall
12   not be disclosed by any of the other Parties to any person or entity other than those persons
13   designated herein and, in any event, shall not be used for any purpose other than in connection
14   with the Action.  Such "CONFIDENTIAL" information may be disclosed only to the following:
15           A.    The Court (subject to provisions for filing under seal, set out below);
16           B.    Counsel of record for any Party, including their associates, paralegals, and
17   clerical personnel;
18           C.    The Parties, including employees and agents of the Parties;
19           D.    Persons retained or consulted by the Parties or their attorneys for purposes
20   of this litigation (including, but not limited to, accountants, marketing consultants, financial
21   advisors, statisticians and economists), if such persons reasonably require the information to
22   enable them to assist counsel in the prosecution or defense of this litigation, provided that no such
23   disclosure shall be made to any person employed by any competitor of Defendant, except upon
24   further order of the Court;
25           E.    Any court reporter who takes testimony;
26           F.    A non-expert witness or potential witness at or for any deposition or other
27   proceeding in this Action who may have knowledge of or information concerning matters
28   contained in any "confidential" document; and

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

1-SF/7640397.1                                2                    Case No. 1:07-CV-01005-LJ0-SMS
STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER

1    G.    Any other person as to whom the Parties agree in writing.

2    To the extent counsel or any of their expert consultants, witnesses, or potential witnesses
3    prepare summaries of "CONFIDENTIAL" materials, or cause such summaries to be prepared,
4    such summaries shall be subject to the terms of this Protective Order.

5    4.    No disclosure of Confidential Materials designated as "CONFIDENTIAL" by any
6    Disclosing Party may be made to any person pursuant to the terms of paragraphs 3(D), 3(F) or
7    3(G) unless that person first executes an agreement to be bound by the terms of this Order in the
8    form attached hereto as Exhibit "A." This Order shall be binding upon the Parties (including all
9    employees and agents of the Parties), counsel for any Party (including their associates, paralegals,
10   and clerical personnel), and all persons who, pursuant to the preceding sentence, have executed an
11   agreement to be bound by the terms of this Order. No person or entity upon whom this Order is
12   binding shall use Confidential Materials designated as "CONFIDENTIAL" for any purpose other
13   than in connection with the Action.

14   5.    Counsel shall keep a record of all copies of each "CONFIDENTIAL" document
15   distributed, in whole or in part, to any qualified person. Any copy so distributed shall be returned
16   to the distributing counsel after the completion of the qualified person's consultation or
17   representation in this action.

18   6.    With respect to documents which the Disclosing Party reasonably believes contain
19   Confidential Materials, the Disclosing Party shall either stamp such documents
20   "CONFIDENTIAL" before the time of production or when photocopied and delivered or
21   designate categories of documents in container(s) marked "CONFIDENTIAL" and provide a
22   description of the designated categories of documents in the container(s). Such documents will
23   also bear a Bates stamp number, or some other mutually agreeable identifying number.

24   7.    To the extent Confidential Materials, or information obtained therefrom, are used
25   in the taking of depositions, such documents or information shall remain subject to the provisions
26   of this Protective Order. On the record at a deposition, a Party may designate as
27   "CONFIDENTIAL" the testimony which it reasonably believes discloses Confidential Materials.
28   The Designating Party shall be responsible to instruct the court reporter to segregate confidential

from non-confidential testimony and exhibits in separate transcripts. Confidential portions of deposition transcripts shall be treated in the same manner as any other "document" described in this Order.

8.   Nothing in this Protective Order shall prevent any Party from disclosing his or its own Confidential Materials as it deems appropriate. Such disclosure shall not constitute a waiver of the designation of such confidential materials as "CONFIDENTIAL."

9.   If any Party objects to the designation of any Confidential Materials as "CONFIDENTIAL," that Party shall state the objection by letter to counsel for the Party making the designation. Each Party shall have the right, on reasonable notice, and after meeting and conferring with the Designating Party in a good faith effort to resolve the matter informally, to apply to the Court for a determination of the issue. Until the Court rules on the motion, Confidential Materials shall continue to be treated and designated as "CONFIDENTIAL."

10.   For applications and motions to the Court in which a Party submits confidential documents or information, all documents containing Confidential Materials that are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of the sealed envelope or other container, the word "CONFIDENTIAL," and a statement substantially in the following form:

> This envelope is sealed pursuant to Order of the Court entered [date of this Order], contains confidential information, and is not to be opened or the contents revealed except by order of the Court.

The Parties shall follow any procedures for filing documents under seal set forth in the Court's Local Rules.

12.   Any court hearing which refers to or describes Confidential Materials may, in the Court's discretion, be *in camera*.

13.   If a Party in possession of Confidential Materials designated as "CONFIDENTIAL" receives a subpoena from a non-party to this Protective Order which seeks production or other disclosure of Confidential Materials, such party shall immediately give

written notice to counsel for the Party who designated the Confidential Materials as "CONFIDENTIAL" stating the Confidential Materials sought and enclosing a copy of the subpoena. Where possible, at least 10 days' notice before production or other disclosure should be given. In no event shall production or disclosure be made before telephonic notice is given and, whenever possible, sufficiently in advance of production or disclosure to afford the Party to whom such notice has been given at least three business days to take appropriate action, including seeking judicial relief.

14. Upon final resolution of this Action, including appeals, all Parties and persons to whom any Confidential Materials have been disclosed or provided shall either destroy all such Confidential Materials or return them to the Disclosing Party provided, however, that this obligation shall not extend to any Confidential Materials included in conformed copies of materials filed with the Court. The Parties further agree that their obligations over this Protective Order will not terminate upon final resolution of this Action, and that this Protective Order will remain in effect.

15. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this Action. The entry of this Order shall not be construed as a waiver of the right to object to the furnishing of information or documents in response to discovery requests, and the Parties expressly reserve their right to withhold information or documents on the basis of such objections.

16. This Protective Order shall not prevent any Party from applying to the Court for relief from this Protective Order, or from applying to the Court for further or additional protective orders, or from agreeing to modify this Protective Order, subject to the approval of the Court.

17. This Protective Order shall not control the use of any evidence during the trial of this Action. However, nothing herein shall preclude any Party from seeking the assistance of the Court in maintaining the confidential nature of any evidence which is presented at trial.

18. If a Party through inadvertence produces or provides discovery of any Confidential Materials without designating it as such in accordance with paragraphs 1, 6 and 7 of this Order,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7640397.1                                  5                          Case No. 1:07-CV-01005-LJ0-SMS
STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER

the Disclosing Party may give written notice to the Party or Parties that have received the Confidential Materials that the document(s), information, response, testimony, or other discovery are Confidential Materials and should be treated as confidential in accordance with the provisions of this Order.  The Party or Parties that have received the materials must treat the materials as confidential from the date such notice is received.  The inadvertent disclosure of any confidential document or information shall not be deemed a waiver of confidentiality as to any other document in which such information may be contained.

19. The Parties, and any other person subject to the terms of this Order, agree that after this Action is terminated, this Court shall have and retain jurisdiction over him or it for the purpose of enforcing this Order.

20. In the event of any dispute over the terms of this Order, the Parties stipulate and agree that no part of this Order shall be construed against either Party on the basis of authorship.

Dated: December ___, 2007          GLEASON & CAMACHO
                                   TIMOTHY M. CAMACHO


                                   By _____
                                       Timothy M. Camacho
                                       Attorneys for Plaintiff
                                       JAMES MARTIN


Dated: December ___, 2007          MORGAN, LEWIS & BOCKIUS LLP
                                   ERIC MECKLEY
                                   THERESA MAK


                                   By _____
                                       Eric Meckley
                                       Attorneys for Defendant
                                       GENESCO INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7640397.1                          6                Case No. 1:07-CV-01005-LJ0-SMS
STIPULATION OF CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER

**RE: Confidentiality matters and Protective order:**

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.


Dated: 12/13/07                                            /s/ Lawrence J. O'Neill
                                                           The Honorable Lawrence J. O'Neill
                                                           UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**TO PROTECTIVE ORDER RE CONFIDENTIALITY**

The undersigned, _____, hereby acknowledges that he or she has received and reviewed a copy of the Stipulation of Confidentiality and Order Thereon (the "Protective Order") entered in *James Martin v. Genesco Inc., and Does 1 through 20, inclusive*, Case No. 1:07-CV-01005-LJO-SMS, pending in the United States District Court for the Eastern District of California.  The undersigned agrees to observe and be bound by all terms of the Protective Order.  The undersigned further understands that the unauthorized use or disclosure of Confidential Materials as defined in the Protective Order may constitute contempt of court, and hereby consents to the personal jurisdiction over him or her in connection with use or disclosure of Confidential Materials.

Dated: _____          _____