IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MARTIN, | CASE NO. CV-F-07-1005-LJO-SMS |
| Plaintiff, | SCHEDULING CONFERENCE ORDER |
| v. | |
| GENESCO, INC. and DOES 1-20, | Expert Disclosure: July 28, 2008 |
| Defendants. | Supp. Expert Disclosure: August 8, 2008 |
| _____/ | Nonexpert Discovery Cutoff: August 18, 2008 |
| | Expert Discovery Cutoff: September 19, 2008 |
| | Pretrial Motion Filing Deadline: October 10, 2008 |
| | Pretrial Motion Hearing Deadline: November 12, 2008 |
| | Settlement Conf.: Date: Nov. 19, 2008   Time: 1:30 p.m.   Dept: 7 (SMS) |
| | Pretrial Conf.: Date: Dec. 3, 2008   Time: 8:30 a.m.   Dept.: 4 (LJO) |
| | Jury Trial: ( 10 days est.)   Date: Jan. 12, 2009   Time: 9 a.m.   Dept.: 4 (LJO) |

///

1

On December 19, 2007 in Courtroom 4 (LJO), this Court conducted a mandatory scheduling conference. Plaintiff James Martin ("plaintiff") appeared by telephone by counsel Timothy Camacho, Gleason & Camacho. Defendant Genesco, Inc. ("Genesco") appeared by telephone by counsel Eric Meckley, Morgan, Lewis & Bockius LLP. Pursuant to F.R.Civ.P. 16(b), this Court sets a schedule for this action.

**1.    Amendments to Pleadings**

The parties do not anticipate amendments to the pleadings at this time..

**2.    Summary Of Uncontested And Contested Facts**

For a summary of undisputed and disputed facts, the Court references the Joint Scheduling Report, filed December 12, 2007, at page 2-3.

**3.    Summary Of Undisputed And Disputed Legal Issues**

For a summary of undisputed and disputed legal issues, the Court references the Joint Scheduling Report, filed December 12, 2007, at page 3.

**4.    Consent To Magistrate Judge**

Counsel for the parties do not consent to the conduct of all further proceedings, including trial, before a United States Magistrate Judge.

**5.    Expert Witnesses**

Any expert witness disclosures shall be served no later than **July 28, 2008.** Any supplemental expert witness disclosures by any party shall be served no later than **August 8, 2008.** Such disclosures must be made pursuant to F.R.Civ.P. 26(a)(2)(A) and (B) and shall include all information required thereunder. In addition, F.R.Civ.P. 26(b)(4) and F.R.Civ.P. 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions. Each expert witness must be fully prepared to be examined on all subjects and opinions included in the designations. Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness. In particular, this Court will enforce preclusion of testimony or other evidence if F.R.Civ.P. 26(e) is not strictly complied with.

///

///

**6.     Stipulation to Extend Deposition**

The parties have agreed to extend the deposition testimony of plaintiff under Fed. R. Civ. P. 30 to 15 hours.

**7.     Discovery Cutoff**

All nonexpert discovery and related discovery motions (including motions to compel) shall be completed or heard no later than **August 18, 2008.**  All expert discovery and related discovery motions (including motions to compel) shall be completed or heard no later than **September 19, 2008.**

**8.     Protective Order**

The parties are to abide by the protective order signed by this Court on December 17, 2007.

**9.     Pretrial Motion Schedule**

All pretrial motions, both dispositive and nondispositive (except discovery motions addressed above), shall be served <u>and filed</u> no later than **October 10, 2008.**  All pretrial dispositive and nondispositive motions (except discovery motions addressed above) shall be set before the appropriate judge for a hearing to be conducted no later than **November 12, 2008.**

At the pretrial conference, the Court will set filing and hearing dates for motions in limine.

**10.    Mandatory Settlement Conference**

A mandatory settlement conference is set for **November 19, 2008 at 1:30 p.m.** before United States Magistrate Judge Sandra M. Snyder in Courtroom 7 (SMS).  Unless otherwise permitted in advance by the Court, <u>the attorneys who will try the case</u> shall appear at the mandatory settlement conference <u>with the parties and the person or persons having full authority</u> to negotiate and settle the case, on any terms, at the conference.

At least five court days prior to the settlement conference, the parties shall submit <u>directly to the settlement conference judge's chambers</u> a confidential settlement conference statement.  This statement <u>should neither be filed with the clerk of the Court nor served on any other party</u>.  Each statement shall be clearly marked "CONFIDENTIAL" with the date and time of the mandatory settlement conference indicated prominently.  Counsel are urged to request the return of their statements.  If such request is not made, the Court will dispose of the statement.

The Confidential Settlement Conference Statement shall include the following:

A. A brief statement of the facts of the case;

B. A brief statement of the claims and defenses (i.e., statutory or other grounds upon which the claims or defenses are based), a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute;

C. A summary of the proceedings to date;

D. An estimate of the cost and time to be expended for further pretrial and trial matters, including discovery;

E. The relief sought; and

F. The party's position on settlement, including realistic settlement expectations, present demands and offers, and a history of past settlement discussions, offers, and demands.

The Court will vacate the settlement conference if the Court finds the settlement conference will be neither productive nor meaningful to attempt to resolve all or part of this case. As far in advance of the settlement conference as possible, a party shall inform the Court and other parties that it believes the case is not in a settlement posture so the Court may vacate or reset the settlement conference. Otherwise the parties shall proceed with the settlement conference in good faith to attempt to resolve all or part of the case.

Should the parties desire a settlement conference prior to the date set herein, they should jointly request one of the Court, and one will be arranged. In making such request, the parties are directed to notify the Court as to whether or not they desire the undersigned to conduct the settlement conference or to arrange one before another judicial officer.

**11. Pretrial Conference**

A pretrial conference is set for **December 3, 2008 at 8:30 a.m.** in Courtroom 4 (LJO) of this Court. The parties are directed to file a joint pretrial statement which complies with the requirements of this Court's Local Rule 16-281. In addition, the joint pretrial statement should include a brief factual summary and an agreed upon neutral statement of the case. The parties are further directed to submit

an additional copy of their pretrial statement on a 3.5-inch computer disc formatted for WordPerfect 8.0, if possible.

The parties' attention is directed to this Court's Local Rules 16-281 and 16-282.  The Court will insist upon strict compliance with those rules.

At the pretrial conference, the Court will set deadlines, among others, to file motions in limine, final witness and exhibits lists, objections thereto, and other trial documents.

**12.    Trial Date**

A jury trial is set for **January 12, 2009 at 9 a.m.** in Courtroom 4 (LJO) of this Court.  The parties estimate that trial will last 10 days.

The parties' attention is directed to this Court's Local Rule 16-285.

**13.    Bifurcation**

The parties request that the trial be bifurcated, with a punitive damages phase to follow the liability trial.

**14.    Effect Of This Order**

This order represents the best estimate of the Court and parties as to the agenda most suitable to dispose of this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, the parties are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, which establish good cause for granting the relief requested.

Failure to comply with this order shall result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated:   December 19, 2007**            /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE